UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:20-cr-00568-SEP |
| CARLOS HIMPLER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of a report and recommendation (R&R)—memorialized in two rulings, Docs. [284], [286]—by United States Magistrate Judge David D. Noce. *See* 28 U.S.C. § 636. Those rulings address 23 pretrial motions, which (by this Court's count) were the subject of 33 docket filings and one hearing. *See* Docs. [86], [87], [88], [89], [90], [91], [92], [93], [95], [97], [98], [100], [101], [103], [105], [106], [127], [128], [129], [180], [181], [182], [183], [184], [207], [208], [213], [214], [223], [246], [253], [255], [257], [285]. In his two orders, Judge Noce ruled on the merits of 12 motions, recommended the denial of six as moot, and made substantive recommendations as to five.

Defendant objects to Judge Noce's recommendations that the Court deny Docs. [105], [183], [184], and [253] on their merits and that the Court deny Docs. [86], [87], [91], and [92] as moot.[1] He also "seek[s] a ruling from this Court" on three motions on which Judge Noce himself ruled, *see* Docs. [98], [100], and [106].[2]

---

[1] Defendant does not object to Judge Noce's analysis of his Motion to Dismiss Counts 8 through 17 of the Original Indictment for Failure to State an Offense, Doc. [88], but as that motion pertains to only the original indictment, the Court declines to adopt Judge Noce's recommendation to deny it on its merits and instead denies it as moot for the reasons set forth in Section I below. *See also infra* note 3.

[2] Defendant seeks the additional rulings on the grounds that "it is unclear how Judge Noce drew the distinction between denying a motion and recommending denial." Doc. [291] at 2 n.2. The Court rejects that characterization of Judge Noce's orders and notes that he clearly cites 28 U.S.C. § 636(b), which governs which matters magistrate judges may determine. *See* Doc. [286] at 1. Defendant's request for review of Judge Noce's rulings lacks any argument that the magistrate judge exceeded his authority under that section. In the interest of bringing consideration of Defendant's pretrial motions to a close, the Court will address Defendant's objections to Judge Noce's rulings on Docs. [98], [100], and [106], but counsel is admonished to provide a legal basis for relief he seeks from this Court in the future.

1

The Court has conducted a *de novo* review of all relevant filings before the magistrate judge, the transcript of the hearing before the magistrate judge, Defendant's objections to the R&Rs, Doc. [291], and the Government's response, Doc. [292]. For the reasons set forth below, the Court overrules all of Defendant's objections and adopts Judge Noce's well-reasoned R&R, except as it relates to Defendant's Motion to Dismiss Counts 8 through 17 of the Original Indictment for Failure to State an Offense, Doc. [88], and Defendant's Motion to Compel Documents Related to the Appointment of Carrie Costantin, Doc. [89].

### DISCUSSION

**I.       Motions Denied as Moot, Docs. [86], [87], [88], [91], [92]**[3,4]

The Court finds itself at odds with both parties as to whether it should issue rulings on Defendant's motions challenging aspects of the original indictment that, Defendant concedes, are not present in the second superseding indictment. *See* Doc. [291] at 9-10; Doc. [292] at 8-11; Doc. [285] at 4:22, 7:18-24; 29:14-18, 31:24-25. Neither party cites any authoritative source requiring the Court to rule on motions objecting to a superseded indictment; nor does either party identify any live controversy in the current case that depends on resolution of such objections.[5]

---

[3] At the hearing on Defendant's pretrial motions, Judge Noce declared an intention to deny Doc. [88] as moot on the same grounds as Docs. [86], [87], [91], and [92]. *See* Doc. [285] at 15:20-24. But the magistrate judge also provided an analysis of the merits of that motion and a recommended ruling, to which Defendant has made no objection. *See* Doc. [286] at 1-3; Doc. [291]. In the interest of consistency and avoiding advisory rulings, the undersigned denies Doc. [88] as moot for the same reason as it does Docs. [86], [87], [91], and [92]. Still, the Court notes here, for the benefit of the parties and anyone else who may have to make sense of this case's complicated docket in the future: If this Court's ruling on Defendant's motions relating to only the original indictment (*i.e.*, that they are moot) should ever be reversed, or if those motions should ever otherwise become ripe (*e.g.*, by a decision of the Government to proceed on the original indictment), a magistrate judge has already analyzed Doc. [88] and made a recommendation, to which Defendant did not object.

[4] Judge Noce's first order, Doc. [284], also purports to deny Doc. [89] as moot based on the allegations in the second superseding indictment, but in fact Doc. [89] is a motion to compel discovery related to Defendant's Appointments Clause challenge, and Judge Noce's second ruling on Defendant's pretrial motions denies it outright, which is consistent with the same order's analysis of it in conjunction with Defendant's motion to dismiss the indictment for violation of the Appointments Clause, Doc. [253]. *See* Doc. [286] at 11-12. Doc. [284]'s putative denial of Doc. [89] as moot thus appears to be a clerical error, and the Court disregards it. On the Court's reading of the R&R, the only four motions Judge Noce recommended be denied as moot due to the allegations in the second superseding indictment are Docs. [86], [87], [91], and [92], though he also expressed an intention to deny Doc. [88] as moot on the same grounds in the hearing on Defendant's motions. *See supra* note 3.

[5] Although Defendant states repeatedly that the Court must find that the original indictment is valid in order to accept the Government's relation back argument, *see, e.g.*, Doc. [291] at 8 n.4, 9-10, 11, he cites

2

Doc. [291] at 9-10; Doc. [292] at 8-11; *see generally* Doc. [285]. Lacking any such authority, the Court declines to rule on the motions alleging defects in the original indictment for the same reason that it would decline to rule on any hypothetical question: To do so would be inconsistent with its proper role under Article III of the United States Constitution. *See St. Pierre v. United States*, 319 U.S. 41, 42 (1943) ("A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it."); U.S. Const., Art. III, § 1. If the Government elects to proceed on the original indictment at some point in the future, challenges to that indictment would presumably become ripe for this Court's consideration. The Court is unpersuaded that they are ripe now.

II.     **Motion to Dismiss Indictment for Violation of the Appointments Clause, Doc. [253]**

Defendant objects that the magistrate judge gave short shrift to his argument that the indictment must be dismissed because of the United States Attorney's Office's refusal to document that it complied with 28 U.S.C. § 515. *See* Doc. [291] at 5 (objecting that the R&R "spends a mere one page recommending denial"). The R&R errs, Defendant argues, by focusing "on the validity of the indictment as a piece of paper in the justice system . . . [which] fails to address the heart of the matter." *Id*. Beyond that methodological critique, though, Defendant does not address Judge Noce's analysis of the 28 U.S.C. § 515 argument, which hews closely to the careful analysis of the same issue by another magistrate judge of this Court in an earlier case. *See United States v. Haning*, 2019 WL 9834329, at *9 (E.D. Mo. Aug. 20, 2019). Defendant does not point to case law contradicting Judge Noce's premises or conclusion. He simply restates, virtually verbatim, his original arguments, which are likewise devoid of citation to any case awarding the relief Defendant seeks in anything like the circumstances of this case. *See* Doc. [291] at 5-8. On *de novo* review, this Court agrees with Judge Noce that, even assuming Defendant's speculation about the United States Attorney's Office's compliance with 28 U.S.C. § 515 is true, it would not undermine the validity of the indictment or the jurisdiction of this Court. *See* Doc. [286] at 12 (citing *United States v. Morse*, 613 F.3d 787, 793 (8th Cir.

---

no authority for that claim, while the Government cites ample authority to the contrary. *See, e.g.*, *United States v. Gussie*, 51 F.4th 535, 540 (3d Cir. 2022) ("*No matter the possible defect in the Original Indictment* returned against [Defendant], it remained *validly pending* at the time of the Superseding Indictment. Since the Superseding Indictment did not make any substantial changes, the charges were returned within the statute of limitations." (emphases added)); *see also* Doc. [292] at 7-8 (collecting cases). Therefore, the Court rejects that argument.

3

2010)). The Court therefore declines to dismiss the charges against Defendant on that basis and adopts Judge Noce's recommendation to deny Doc. [253].

### III.     Motions to Dismiss Based on the Statute of Limitations, Docs. [183], [184]

Defendant's objections to the R&R's treatment of his statute of limitations arguments all amount to simple disagreement with Judge Noce's recommendations. According to Defendant, Judge Noce "fails to see the clear broadening of charges contained in the second superseding indictment." Doc. [291] at 10. And "[t]he generalized language in the introductory paragraphs regarding Medicare and Medicaid programs, which Himpler challenged in the motions discussed above and on which Himpler continues to request a substantive ruling, does not provide the level of notice required under *United States v. Yielding*, 657 F.3d 688 (8th Cir. 2011)." *Id.* at 11. On *de novo* review of Defendant's motions, the Government's responses, the hearing held by the magistrate judge, the resulting R&R, Defendant's objections thereto, and the Government's response to those objections, the Court finds that Judge Noce rightly rejected Defendant's statute of limitations arguments.

More specifically, the Court agrees with Judge Noce's assessment that paragraphs 34, 35, and 42 of the second superseding indictment "'do[] not substantially broaden or amend the original charges'" against Defendant. *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) (quoting *United States v. Hance*, 501 F.3d 900, 905 (8th Cir. 2007)); Doc. [286] at 5-6. And the Court further agrees that the original indictment "fairly alerted" Defendant that his conduct relating to Medicare and Medicaid would be at issue in the case. *Yielding*, 657 F.3d at 704; *see* Doc. [2] ¶¶ 5-8, 49. Therefore, the second superseding indictment "relates back" to the original indictment for purposes of calculating the statute of limitations, and Defendant's two motions to dismiss based on failure to relate back, Docs. [183] and [184], are denied.[6]

### IV.     Motions to Strike as Surplusage and for a Bill of Particulars, Docs. [105], [106]

Of the R&R's findings on Docs. [105] and [106], Defendant writes:

---

[6] In another putative objection to the rejection of his "relation back" argument, Doc. [184], Defendant argues that Judge Noce found that language contained in paragraphs 32 through 38 and 41 through 44 is "relevant to the prosecution and therefore allows those allegations to be the groundwork for relation back of counts in the second superseding indictment." Doc. [291] at 11. The Court cannot find any such inference in the magistrate judge's relation back analysis. *See* Doc. [286] at 4-7. Defendant appears to be referring to a discussion of relevance in the context of Judge Noce's analysis of a motion to strike surplusage, *see* Doc. [286] at 7-8, and the Court therefore addresses Defendant's objection to the relevance analysis in that context. *See infra* Section IV.

4

> The logic in the R&R is circular: the R&R finds that the paragraphs are relevant because the Government states they will be proven at trial, but to even be presented at trial, let alone proven, the allegations must be found to be relevant. The R&R basing a finding of relevance on what the Government wants to prove guts any ability of a defendant to challenge language in an indictment, as everything in an indictment is what the Government wants to prove.

Doc. [291] at 11. A fair reading of the R&R readily counters that objection.[7] The R&R *first* finds—correctly—that "[t]he paragraphs at issue *provide relevant background*, and *legally relevant information* is not surplusage." Doc. [286] at 7 (emphases added) (citing *United States v. Haning*, 2019 WL 9834329, at *14 (E.D. Mo. Aug. 20, 2019)). Two sentences later, the R&R concludes that "[b]ecause Paragraphs 32 through 38 and Paragraphs 41 through 44 of the original indictment *provide relevant information* and *relate to the charges*, the Court denies defendant's motion to strike as surplusage." Doc. [286] at 8 (emphases added). The R&R thus properly bases its rejection of Defendant's argument on the relevance of the challenged paragraphs. Judge Noce also cites the Government's declared intent to prove the allegations at trial as "reaffirming" his conclusion, which is well supported by case law. *See, e.g.*, *United States v. Haning*, 2019 WL 9834329, at *14; *United States v. Palmer*, 2014 WL 2217314, at *2 (E.D. Mo. May 29, 2014) ("[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." (quoting *United States v. Climatemp, Inc.*, 482 F. Supp. 376, 391 (N.D. Ill. 1979))). But the R&R does not base its finding of relevance exclusively on the Government's intentions at trial, as Defendant misleadingly suggests. *See* Doc. [291] at 11.

The argument is even weaker as an objection to the R&R's recommendation as to Defendant's Motion for a Bill of Particulars, Doc. [106]. In its treatment of that motion, the magistrate judge does not even arguably "lean[] on what the Government wants to prove as a foundation of what is relevant and permissible language in an indictment," as Defendant objects. Doc. [291] at 11. Rather, Judge Noce applies Eighth Circuit precedent to Defendant's argument and correctly finds that argument lacking because "[t]he original indictment alone is sufficient to inform defendant of the charges against him, and supplemental discovery has alleviated any

---

[7] The Court understands counsel's impulse to level every colorable objection against an adverse ruling in the interest of preserving a client's rights, but it feels compelled to point out that strawman arguments erode an advocate's credibility. *See supra* notes 2 and 6; *see also* discussion *infra* Sections V-VI.

remaining ambiguity." Doc. [286] at 8-10 (relying on *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009)). Defendant's objections to the R&R's analysis of his motions to strike surplusage and for a bill of particulars, Docs. [105] and [106], are therefore overruled, and the motions are both denied.

## V.     Motion for a *Luis* Hearing, Doc. [100]

Defendant's putative objection to the R&R's ruling on his Motion for a *Luis* Hearing, Doc. [100], again mischaracterizes the magistrate judge's analysis. Defendant also ignores the legal standards applicable to his motion and makes no attempt to meet any such standard.

In analyzing that motion, Defendant argues, Judge Noce again engaged in "circular and incorrect reasoning," denying it because Defendant "has not yet shown [the nature of the seized funds]," when Defendant is requesting a hearing "because of a need for expert witnesses in this complex litigation to sort out" that very question. Doc. [291] at 12.

Judge Noce's analysis does not reject the request because Defendant "has not yet shown [the nature of the seized funds]." Rather, in the absence of Eighth Circuit authority, Judge Noce appropriately looked to persuasive authority from other circuits as to what standard applies when a Defendant seeks an evidentiary hearing for the purpose of challenging the Government's pretrial restraint of assets. Judge Noce observed that some other circuits have required a defendant to make a threshold showing "that the government may have seized untainted assets and that the defendant needs those assets to hire counsel." Doc. [286] at 11 (citing *United States v. Johnson*, 683 Fed. App'x 241, 248 (4th Cir. 2017) ("[D]ue process requires a pretrial adversary hearing when a defendant makes a threshold showing that the Government may have seized untainted assets and that the defendant needs those assets to hire counsel." (citation omitted)); then citing *United States v. Kielar*, 791 F.3d 733, 740 (7th Cir. 2015) ("[T]he right to a hearing was 'very limited' and required as a prerequisite that 'the district court find[ ] that the defendant does not have other assets from which' he could pay for his defense." (citation omitted))).

Judge Noce then rightly found that Defendant had failed to meet the two-step threshold articulated by the Fourth Circuit. Notably, Defendant has also failed to meet the threshold for a hearing under a lesser standard that has been applied by the Second Circuit. *See, e.g.*, *United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013) (rejecting two-step test derived from Fourth Circuit and Tenth Circuit decisions but nonetheless requiring defendant to "demonstrate

6

that he or she does not have sufficient alternative assets to fund counsel of choice," through "more than a mere recitation; the defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice").

In his objection to the R&R, Defendant does not challenge the legal standard applied by Judge Noce, nor does he seriously challenge Judge Noce's application of it. Because Defendant fails to satisfy any of the legal thresholds that courts apply in this context, the Court overrules his objection and denies the motion.

## VI.   Motion for Disclosure of Grand Jury Materials, Doc. [98]

Finally, Defendant objects to Judge Noce's denial of his Motion for Disclosure of Grand Jury Materials "with no discussion." Doc. [291] at 12. Defendant maintains that the Government should have to produce testimony and evidence presented to the Grand Jury regarding "concepts in the indictment referred to as 'pass-through billing' and 'unbundling,'" because "private insurance policy documents provided in discovery do not support the contentions as laid out in the indictment." *Id.* at 12. The Government disagrees. *See* Doc. [292] at 11; Doc. [213].

The objection that Judge Noce provided no discussion of the Defendant's motion is specious. As noted in his April 19, 2023, Order and Recommendation, Doc. [284], the rulings therein were based on the "reasons set forth on the record" of the February 23, 2023, hearing. In that hearing, Judge Noce heard the parties' arguments on the Motion for Disclosure of Grand Jury Materials, *see* Doc. [285] at 78-83, and told defense counsel on the record, *inter alia*, that "the Government said it's given you what it has about [insurer policies]." *Id.* at 81:2-3. Later in the hearing, both the Court and defense counsel made no response to the Government's argument that "this is not a case where there is no competent evidence that the grand jury could have considered." *Id.* at 82:16-22 (Court: "Okay." Defense Counsel: "I think there's two issues, Your Honor. There's the grand jury issue, and we stand behind our argument, but understand that's a higher battle. And then there's just the sheer disclosure issue of when" Defendant is "entitled to more from a discovery standpoint."). After hearing the Government's response to Defendant's motion, and after defense counsel attempted to reach what he conceded was a *lower* threshold, Judge Noce responded skeptically: "That's something you probably will have to wait for trial to find out." *Id.* at 83:1-2. Thus, although the magistrate judge may not have issued as fulsome an analysis of Defendant's Motion for Disclosure of Grand Jury Materials as he did for

7

many other motions filed in this case, Judge Noce did not rule on the motion "with no discussion." *See United States v. Guetersloh*, 2023 WL 2628989, at *3 (E.D. Mo. Mar. 25, 2023) (rejecting defendant's objection that magistrate judge "ignored" her arguments for disclosure of grand jury transcripts).

Regardless, on *de novo* review, the motion fails because Defendant has not shown a "particularized need" for grand jury materials. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) (citation omitted). Defendant argues that he will be prejudiced unless permitted to review information related to health care insurer policies prohibiting "pass-through billing" and "unbundling" that was allegedly presented to the grand jury. Doc. [98] at 3-6. But Defendant cites no analogous case to support that claim.[8] Defendant also claims that he is entitled to grand jury materials because the Government "informed the grand jury that pass-through billing and unbundling were universally prohibited when they, in fact, were not." *Id.* at 6. To the extent Defendant argues that "the Government has misinterpreted [the requirements regarding pass-through billing and unbundling,] . . . [h]e can present the indictment and the applicable law to the Court without the grand jury materials." *United States v. Carroll*, 2022 WL 378215, at *6 (E.D. Mo. Jan. 4, 2022), *report and recommendation adopted*, 2022 WL 375302 (E.D. Mo. Feb. 8, 2022) (concluding defendant had not "demonstrated a particularized need" for grand jury materials). Defendant's objection to the R&R is overruled, and the motion for disclosure of grand jury materials is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Carlos Himpler's Motion for Hearing, Doc. [291], is **DENIED**.

**IT IS FURTHER ORDERED** that Magistrate Judge David D. Noce's Report and Recommendation, Doc. [284], is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein, except the denial as moot of Defendant's Motion to Compel Documents Related to the Appointment of Carrie Costantin, Doc. [89].

**IT IS FURTHER ORDERED** that Magistrate Judge David D. Noce's Report and Recommendation, Doc. [286], is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein,

---

[8] Neither *United States v. Isley*, 2006 WL 8428884, at *1 (N.D. Ga. June 16, 2006), nor *United States v. Salyer*, 2011 WL 6026119, at *1 (E.D. Cal. Dec. 2, 2011), addresses disclosure of grand jury materials.

except as it relates to Defendant's Motion to Dismiss Counts 8 through 17 of the Original Indictment for Failure to State an Offense, Doc. [88].

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment for Violation of the Appointments Clause, Doc. [253], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss Based on the Statute of Limitations, Docs. [183], [184], are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions to Strike as Surplusage and for a Bill of Particulars, Docs. [105], [106], are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for a Luis Hearing, Doc. [100], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Disclosure of Grand Jury Materials, Doc. [98], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss Indictment, Docs. [86], [87], [88], and Motions to Strike, Docs. [91], [92], are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Paragraphs 16, 17,18, 21(a) of the Second Superseding Indictment, or in the Alternative, Motion for Bill of Particulars, Doc. [93], and Motion to Strike Paragraphs 16, 17, 18, 21(a) AND 21(b) of the Second Superseding Indictment, or in the Alternative, Motion for Bill of Particulars, Doc. [182], are **DENIED as moot** in light of the parties' joint notice filed March 16, 2023, Doc. [264].

**IT IS FINALLY ORDERED** that the jury trial in this matter is set for **Tuesday, September 5, 2023, at 9:00 a.m. in Courtroom 16-North**.

Dated this 17th day of August, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE