UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20CR00568 SEP |
| | ) | |
| CARLOS HIMPLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES**
**FOR PRELIMINARY ORDER OF FORFEITURE**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said District, moves this Court to issue a Preliminary Order of Forfeiture in the above-captioned case.  In support thereof, the United States sets forth the following:

1.      On February 9, 2024, Defendant Carlos Himpler pled guilty to the offense of Conspiracy to Commit Offense or Defraud the United States, in violation of Title 18, United States Code, Section 371, and also agreed, in writing in the Guilty Plea Agreement, to the forfeiture of certain assets pursuant to the applicable forfeiture authorities, which includes any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense, pursuant to Title 18, United States Code, Section 982(a)(7).

1

2.       Defendant further agreed to the forfeiture of the following specific property (the "Subject Property"):[1]

a.  2015 Cadillac Escalade, VIN: 1GYS4BKJ9FR273158;

b.  Approximately $854,806.74 in funds from Bank Account #8800-2829 in the name of Himpler Qualified Spousal Trust at Carrollton Bank;

c.  Approximately $30,213.98 in funds from Bank Account #3012-6444 in the name of Carlos Himpler and Ashley Himpler at Carrollton Bank;

d.  2019 Land Rover Range Rover, VIN: SALGS2SVXKA544511;

e.  Approximately $200,000.00 in funds from Bank Account #U2340716 in the name of Carlos Himpler TOD Ashley Himpler at Interactive Brokers;

f.  Approximately $41,781.52 in funds Bank Account #7351-1498 in the name of Carlos Himpler & Ashley Himpler TTEES Himpler Qualified Spousal Trust at LPL Financial Bank;

g.  Approximately $73,293.52 in funds from Bank Account #5627-5497 in the name of Carlos Himpler and Ashley Himpler TTEES Himpler Qualified Spousal Trust at LPL Financial Bank;

h.  17133 North Lakeway Avenue, Baton Rouge, Louisiana 70810, being further described as:

One (1) certain lot or parcel of ground, together with all the buildings and improvements thereon, situated in the Parish of East Baton Rouge, Louisiana, in the subdivision thereof known

---

[1] The plea erroneously identified item b. above as "$654,806.74," however the total amount seized and subject to forfeiture is $854,806.74.  Additionally, Defendant agreed in his plea to the forfeiture of two sums seized from Carrollton bank account ending in #6444 – to wit: $30,213.98 & $50,000.00 - however the actual amount seized was only the $30,213.98.

as COUNTRY CLUB OF LOUISIANA, PARCEL 16, PHASE IV, and being more particularly described according to the official map of said subdivision, on file and of record in the office of the Clerk and Recorder for the said Parish and State as LOT ONE HUNDRED FIFTEEN (115), said subdivision, said lot having such measurements and dimensions and being subject to such servitudes as shown on said map.

3.      The real property located at 17133 North Lakeway Avenue, Baton Rouge, Louisiana 70810 (the "Real Property"), has not been sold within the timeframe set forth in the Consent Motion for Interlocutory Sale of the Real Property and the accompanying Order for Interlocutory Sale of Real Property (the "Interlocutory Sale").  Doc. Nos. 299, 301.  Pursuant to the terms and conditions of said Interlocutory Sale, the United States now seeks for forfeiture of the Real Property.

4.      Defendant agreed that the proffer of evidence supporting the guilty plea is sufficient evidence to support forfeiture of the Subject Property.

5.      Defendant also agreed to the entry of a forfeiture money judgment against Defendant and in favor of the United States in the amount of $3,883,348.17, which represents the value of the property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of Defendant's offense.

6.      Based upon the evidence set forth in the Guilty Plea Agreement and that was presented at the Defendant's plea hearing, the United States has established the required nexus between the Subject Property and the offenses to which Defendant has pled guilty.  Accordingly, the Subject Property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(7).

7.      Pursuant to Rule 32.2(b)(6) and Title 21, United States Code, Section 853(n), upon the issuance of a Preliminary Order of Forfeiture, the United States shall publish notice of the Order and send direct notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8.      Upon adjudication of all third-party interests, this Court shall enter a Final Order of Forfeiture pursuant to Rule 32.2(c) and Title 21, United States Code, Section 853(n), in which the Subject Property will be ordered forfeited to the United States to be disposed of according to law.

9.      Pursuant to Rule 32.2(b)(4)(A) and Defendant's Guilty Plea Agreement, the Preliminary Order of Forfeiture becomes final as to Defendant upon entry.  The Order remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

10.     Pursuant to Rule 32.2(b)(4)(B), the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment, but the Court's failure to do so may be corrected at any time under Rule 36.

WHEREFORE, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests that this Court determine that the Subject Property is subject to forfeiture, and moves the Court to enter a Preliminary Order of Forfeiture forfeiting the above described property, including the Subject Property and a forfeiture money judgment.  Pursuant to Rule 32.2(b)(3), the United States also requests authority to conduct any discovery permitted by the Federal Rules of Civil Procedure in order to identify, locate, or dispose of any property subject to forfeiture under this order, including depositions, interrogatories, subpoenas, and requests for production.  The United States submits herewith its proposed Preliminary Order of Forfeiture.

Dated: August 12, 2024                    Respectfully submitted,

                                          SAYLER A. FLEMING
                                          United States Attorney

                                          */s/  Kyle T. Bateman*
                                          KYLE T. BATEMAN, #996646(DC)
                                          Assistant United States Attorney
                                          111 South 10th Street, Suite 20.333
                                          Saint Louis, Missouri 63102
                                          Telephone:     (314) 539-2200
                                          *Kyle.Bateman@usdoj.gov*